IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NATHAN SMITH, | ) |
| Plaintiff, | ) |
| | ) Case No. 4:22-cv-00010 |
| v. | ) |
| GO CAR WASH MANAGEMENT, CORP., | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, *et seq.*, Defendant GO Car Wash Management, Corp. hereby removes the above-referenced action to the United States District Court for the Western District of Missouri from the Circuit Court of Jackson County, Missouri, where the action is now pending (hereafter, the "State Court Action"). Defendant removes this case based on diversity jurisdiction. In support of this removal, Defendant states as follows:[1]

**I. INTRODUCTION**

1. On November 12, 2021, Plaintiff Nathan Smith filed his Petition for Damages in the Circuit Court of Jackson County, Missouri, in the civil action styled *Nathan Smith v. GO Car Wash Management Corp.*, Case No. 2116-CV24816.

2. In his Petition, Plaintiff asserted one count of race discrimination under the Missouri Human Rights Act ("MHRA"). *See* Ex. B (containing a copy of the Petition and other process, pleadings, and papers served in the State Court Action).

---

[1] *See* Civil Cover Sheet, attached as Exhibit A (seeking removal to this Court).

3. Defendant was served with Summons and copies of the Petition on December 10, 2021.[2]

## II. VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1446 as the United States District Court for the Western District of Missouri geographically embraces the state court in Jackson County, Missouri, in which Plaintiff filed his State Court Action. *See also* 28 U.S.C. § 1441(a); 28 U.S.C. § 105(b)(1); L.R. 3.2(a)1 and 3.2(b)3.

## III. TIMELINESS AND COMPLIANCE WITH REMOVAL PROVISIONS

5. In light of service of the Petition on December 10, 2021, this Notice of Removal is filed within thirty (30) days of the date on which the case became removable and, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

6. The Petition and any other process, pleading, and/or orders served on Defendant in the State Court Action are attached as Exhibit B, thus complying with 28 U.S.C. § 1446(a).

7. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of the Notice of Removal with the Clerk of the Circuit Court of Jackson County, and simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

## IV. NATURE OF CLAIMS & DIVERSITY JURISDICTION

8. As discussed more fully below, removal of this action is proper under 28 U.S.C. § 1441, *et seq.* because it is within the United States District Court's jurisdiction under 28 U.S.C. § 1332(a) in that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

---

[2] By removing this action, Defendant does not waive any defenses or objections it may have, including but not limited to, sufficiency of process, service of process, and personal jurisdiction.

### A. Complete Diversity Exists Between the Parties

9. For diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005); *Junk v. Terminix Int'l Co.,* 628 F.3d 439, 445 (8th Cir. 2010).

10. For diversity purposes, "the terms 'domicile' and 'citizenship' are synonymous" and mean the State where an individual is physically present and intends to make his or her home indefinitely. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). "The place where a [person] lives is properly taken to be [the] domicile until facts adduced establish the contrary." *Dist. Of Columbia v. Murphy*, 314 U.S. 441, 455 (1941).

11. Plaintiff is a resident of the State of Missouri. *See* Ex. B (Petition), ¶ 4.

12. For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13. To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's executives direct, control, and coordinate the corporation's activities and administration. *Hertz Corp. v. Friend*, 559 U.S. 77, 93-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id*.

14. Defendant GO Car Wash is incorporated in Delaware, with its principal place of business in Gilbert, Arizona. *See* Ex. C (Pomerantz Declaration), ¶ 3.

15. Thus, Defendant is a citizen of Delaware and Arizona—not Missouri—and complete diversity exists between Plaintiff and Defendant under 28 U.S.C. § 1332(a).

### B. The Amount in Controversy Exceeds $75,000

16. Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction requires that the amount in controversy "exceed the sum or value of $75,000.00, exclusive of interest and costs."

17. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

18. Although Defendant disputes many of Plaintiff's allegations and denies that it is liable to Plaintiff, it is clear that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

19. The standard for determining whether a plaintiff's claim meets the jurisdictional threshold is "whether a fact finder might legally conclude" that a plaintiff's damages are greater than $75,000. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002). Thus, Defendant need only establish by a preponderance of the evidence that Plaintiff could stand to recover over $75,000 if he were to prevail, not that Plaintiff would definitely be awarded more than that amount. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *see also Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822-23 (8th Cir. 2011).

20. Once Defendant has satisfied this burden, Plaintiff may defeat federal jurisdiction only if it appears to "a legal certainty" that the claim is really for less than the jurisdictional amount. *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994); *Kopp*, 280 F.3d at 885; *see also Schubert*, 649 F.3d at 822-23.

21. Courts consider economic and non-economic compensatory damages, punitive damages, and attorney's fees to determine whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992).

22. Here, Plaintiff seeks actual, compensatory, and punitive damages, which the Petition states includes but are not limited to "lost wages and benefits, pain and suffering, emotional distress, humiliation, upset, deprivation of civil rights," "compensatory and punitive damages to the maximum extent allowed by law," and "reasonable attorneys' fees." *See* Ex. B (Petition), ¶ 60 and the "WHEREFORE" paragraph under Count I.

23. At the time of his termination in November 2020, Plaintiff was regularly earning $2,115.38 per biweekly pay period, plus bonuses and commissions. *See* Ex. C, ¶¶ 5-6. In 2020, Plaintiff earned a total of $60,045.02 through the termination of his employment on November 11, 2020. *See* Ex. C, ¶ 7.

24. Assuming a trial date in December of 2023, Plaintiff's alleged lost wages alone would far exceed the $75,000 threshold.[3] Indeed, from the conclusion of Plaintiff's employment in November of 2020 to the filing of his Petition in early November of 2021, and on to an assumed trial date in December of 2023 (based on the federal judicial caseload statistics), Plaintiff's claim for lost wages alone could be over $170,000.00 ($2,115.38 regular biweekly earnings x 81 pay periods).

25. In addition, any claim for punitive damages may be aggregated with his claim for compensatory damages, and, together, those claims satisfy the amount in controversy requirement of the diversity statute. *See, e.g., Bell v. Preferred Life Assurance Soc'y of*

---

[3] According to Federal Judicial Caseload Statistics published as of March 31, 2021, the median time interval from filing to disposition at trial for civil cases in the Western District of Missouri is 26 months. *See* United States District Courts—National Judicial Caseload Profile, *Missouri Western U.S. District Court*, p. 60 (Mar. 31, 2021), *available at* www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2021.pdf.

5

*Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992).

26. In determining the amount in controversy, courts also should consider the plaintiff's claim for attorneys' fees. *See*, *e.g.*, *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992) (considering attorneys' fee claims in determining the amount in controversy); *Pleasant v. Noble Fin. Corp.*, 54 F. Supp. 3d 1071, 1080 (W.D. Mo. 2014) ("Defendant is correct that punitive damages and statutory attorney fees may be considered in calculating the amount in controversy").

27. Courts routinely approve attorneys' fee awards in excess of $100,000 for employment cases. *See*, *e.g.*, *Kader v. Board of Regents of Harris Stowe State Univ.*, Case No. 1222-CC02913 (St. Louis City Circuit Court, April 4, 2017) ($180,000 awarded for attorneys' fees); *DeWalt v. Davidson Surface Air*, 449 S.W.3d 401 (Mo. Ct. App. E.D. 2014) (reversing trial court's reduction of fee award, awarding approximately $130,000 in attorney's fees); *Green v. City of St. Louis*, Case No. 1422-CC09588 (St. Louis City Circuit Court, September 1, 2016) ($120,000 awarded for attorneys' fees); *Campos v. City of Blue Springs, Mo.*, 289 F.3d 546, 553 (8th Cir. 2002) ($79,238.70 in attorneys' fees awarded to prevailing plaintiff in discriminatory discharge case); *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1052 (8th Cir. 2002) ($168,551.78 in attorneys' fees and $14,700.79 in costs); *Kline v. City of Kansas City, Mo. Fire Dept.*, 245 F.3d 707, 708 (8th Cir. 2001) ($277,900 in attorneys' fees).

28. Considering the combination of Plaintiff's potential claims for lost wages, compensatory damages, emotional distress damages, punitive damages, and attorney's fees, it is clear a fact finder could legally conclude that Plaintiff's damages exceed $75,000, exclusive of interest and costs. Accordingly, based on the allegations in the Petition (but without making any

admissions as to the merits thereof), Defendant has clearly demonstrated that this matter meets the amount in controversy requirement for removal of this action.

29. Accordingly, this Court has jurisdiction over this action because there exists complete diversity of citizenship between the Plaintiff and the Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## V. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

30. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri and will simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

## VI. CONCLUSION

For the foregoing reasons, and having fulfilled all statutory requirements, Defendant hereby removes this case to this Court from the Circuit Court of Jackson County, Missouri, and requests that this Court assume full jurisdiction over this matter as provided by law.

Respectfully submitted,

*/s/ Robert J. Rojas*
Robert J. Rojas, Mo. Bar 65144
Whitney L. Fay, Mo. Bar 68061
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
rrojas@littler.com
wfay@littler.com
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

By signing below, I hereby certify that on January 7, 2022, Littler Mendelson, P.C. served the foregoing on Plaintiff's counsel via electronic mail:

Anne Schiavone
Kathleen E. Mannion
HOLMAN SCHIAVONE, LLC
aschiavone@hslawllc.com
kmannion@hslawllc.com
**ATTORNEYS FOR PLAINTIFF**

            */s/ Robert J. Rojas*
            **ATTORNEY FOR DEFENDANT**