# EXHIBIT B

12/10/2021

ATTN: CYNTHIA ARMSTRONG
C/O: GO CAR WASH MANAGEMENT, CORP.
2218 E WILLIAMS FIELD RD
STE 245 GILBERT AZ UNITED STATES 85295



# PROCESS SERVED

SERVED TO: GO CAR WASH MANAGEMENT, CORP.

TITLE OF ACTION: NATHAN SMITH VS. GO CAR WASH MANAGEMENT, CORP.

| | | |
|---|---|---|
| 1. | DOCUMENTS SERVED: | Summons In A Civil Case |
| 2. | DELIVERED BY: | Process Server |
| 3. | COURT: | In The 16th Judicial Circuit Court, Jackson County, Missouri |
| 4. | CASE NO.: | 2116-CV24816 |
| 5. | DATE OF SERVICE: | 12/10/2021 |
| 6. | DELIVERY METHOD: | 7754 5916 9727 |

Thank you for choosing URS Agents, LLC as your registered agent.

3675 CRESTWOOD PARKWAY ■ SUITE 350 ■ DULUTH,GA 30096
P:800.567.4397 ■ F:800.567.4398 ■ URSAGENTS.COM





# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>CORY LEE ATKINS | Case Number: 2116-CV24816 |
| Plaintiff/Petitioner:<br>NATHAN SMITH<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>Kathleen E. Mannion<br>4600 Madison Ave<br>SUITE 810<br>KANSAS CITY, MO 64112 |
| Defendant/Respondent:<br>GO CAR WASH MANAGEMENT, CORP. | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: GO CAR WASH MANAGEMENT, CORP.<br>Alias:<br><br>SERVE REG AGENT:<br>9666 OLIVE BLVD., SUITE 960<br>ST. LOUIS, MO 63132 | **PRIVATE PROCESS SERVER** |



**COURT SEAL OF**

**CIRCUIT COURT OF MISSOURI**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

15-NOV-2021
Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
Date          Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ | ( _____ miles @ $. _____ per mile) |
| **Total** | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-10782** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120, 506.140, and 506.150 RSMo

Case 4:22-cv-00010-FJG   Document 1-2   Filed 01/07/22   Page 3 of 46

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

NATHAN SMITH,

**PLAINTIFF(S),**

**VS.**

**CASE NO. 2116-CV24816**
**DIVISION 17**

GO CAR WASH MANAGEMENT, CORP.,

**DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **CORY LEE ATKINS** on **08-MAR-2022** in **DIVISION 17** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

   a.   A trial setting;

   b.   Expert Witness Disclosure Cutoff Date;

   c.   A schedule for the orderly preparation of the case for trial;

   d.   Any issues which require input or action by the Court;

   e.   The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ CORY LEE ATKINS
CORY LEE ATKINS, **Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
ANNE SCHIAVONE, 4600 MADISON AVE STE 810, KANSAS CITY, MO 64112

Kathleen E. Mannion, 4600 Madison Ave, SUITE 810, KANSAS CITY, MO 64112

Defendant(s):
GO CAR WASH MANAGEMENT, CORP.

Dated: 15-NOV-2021

MARY A. MARQUEZ
Court Administrator

**Angela Moore**

| | |
|---|---|
| **From:** | Missouri Courts eFiling System <mocourts.efiling@courts.mo.gov> |
| **Sent:** | Tuesday, November 16, 2021 1:36 PM |
| **To:** | Missouri Courts eFiling Subscriber |
| **Cc:** | Anne Schiavone; 16th Judicial Circuit (Jackson County) |
| **Subject:** | Accepted for Filing - 2116-CV24816 - NATHAN SMITH V GO CAR WASH MANAGEMENT, CORP., Jackson County - Independence - Civil |

Your submission **EF25242640 was ACCEPTED FOR FILING\*** by **Jackson County - Independence - Civil** on **11/12/21** at **2:15 PM**.

Below is important information regarding this filing.

This case is assigned to **Judge CORY LEE ATKINS** and is scheduled for a(n) **Case Management Conference** on **3/8/22** at **9:00 AM** in **DIVISION 17** at **Jackson - Independence**.

| | |
|---|---|
| eFiling Confirmation Number | **EF25242640** |
| Filer Reference Number | **None entered by filer** |
| Case Number | **2116-CV24816** |
| Case Description | **NATHAN SMITH V GO CAR WASH MANAGEMENT, CORP.** |

**Document(s):**

| | |
|---|---|
| Document Category and Type | **Filing - Other/Miscellaneous - Entry of Appearance** |
| Document Title | EOA Anne Schiavone.PDF |
| Attachment(s) | |
| Filed On Behalf Of | **NATHAN SMITH** |

\*Accepted for Filing means the clerk has accepted the submission for filing in the case record but does not indicate any other action or decision by the court.

NOTE: **You MUST be a registered user and logged in to Case.net in order to view the documents.** If the case or document contains confidential information, you may not be able to view the document or case through the links provided. In the event you are unable to view information electronically, the court will provide a paper copy for your records.

\* If "None entered at this time" displays in the text field, the court has not entered any text on this entry. The first 2000 characters of text is provided in this eNotice. To see additional information about the entry made by the court, use Case.net

If a **summons** has been processed by the clerk's office, click the Case Number link above to print the summons and any other necessary documents and deliver the summons and pleadings to the sheriff or special process server. Service fees are paid directly to the sheriff or special process server. An alias summons is handled in the same way as the original summons.

If a **garnishment** has been processed by the clerk's office, click the Case Number link above to print the garnishment, return page and interrogatories, and assemble them for service. Make sure there are two sets of interrogatories attached to the garnishee's copy of the garnishment and return page, so your office and the court each receive a set of answers. Finally, attach another set of the garnishment and return page to the front of the garnishee's copy for the sheriff to make the return. Forward the completed sets to the proper sheriff with a check for service fees. In the future, all summons returns and garnishment returns sent back to your office instead of the court can be scanned and electronically filed with the court.

If a **dissolution** has been filed with children involved, please print the parenting handbook to provide to petitioner or respondent or contact the court for a copy of the parenting handbook.

Click to access the **Missouri eFiling System**.

Click here for **Access My Tickets**.

This e-mail is auto generated. Please do not respond. **If you have a concern with your filing, please contact the court.** If you need technical assistance, please contact the Office of State Courts Administrator Help Desk at osca.help.desk@courts.mo.gov or toll-free by phone at 1(888)541-4894. The Help Desk is available 7:30 a.m. to 5:00 p.m. Monday through Friday, excluding state holidays.

Electronically Filed - Jackson - Independence - November 12, 2021 - 02:12 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | |
|---|---|
| **NATHAN SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No.:** |
| | )    **Division:** |
| **GO CAR WASH MANAGEMENT,** | ) |
| **CORP.** | ) |
| *Serve Registered Agent*: | )    **JURY TRIAL DEMANDED** |
| 9666 Olive Boulevard, Suite 960, | ) |
| St. Louis, Missouri 63132 | ) |
| | ) |
| **Defendant.** | ) |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff, Nathan Smith, by and through the undersigned counsel, and for his Petition For Damages, states and alleges the following:

**INTRODUCTION**

1.    Plaintiff's claims arise out of an employment relationship with Defendant.

2.    The unlawful conduct alleged herein primarily took place at Defendant's business location of 890 NE Mulberry Street in Lee's Summit, Missouri.

3.    Defendant subjected Plaintiff to unlawful discrimination on the basis of his race, in violation of the Missouri Human Rights Act ("MHRA"), and Plaintiff seeks all relief available to him, to the maximum extent allowed by law, including compensatory and punitive damages, costs, fees, and equitable relief.

**PARTIES**

4.    Plaintiff is now, and was at all times relevant to the allegations in this Petition, a male resident and citizen of Missouri.

5.      **Defendant GO Car Wash Management, Corp. ("GO Car Wash")** is a corporation organized and incorporated in the State of Delaware, and which conducts ongoing business in Missouri, including at its business location of 890 NE Mulberry Street in Lee's Summit, Missouri, where Plaintiff worked.

6.      Defendant employed six or more persons in Missouri during Plaintiff's employment and at the time the allegations made herein took place.

7.      Defendant is an "employer" of Plaintiff as that term is defined within the Missouri Human Rights Act, Mo. Rev. Stat. 213.010(8).

8.      Defendant is an entity which acts through agents. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, injuries incurred by agents' performance of its non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts its agents take by virtue of their position with Defendant.

## JURISDICTION AND VENUE

9.      The discriminatory conduct alleged herein occurred in Jackson County, Missouri, at Defendant's place of business, making this Court an appropriate forum for the adjudication of Plaintiff's claims.

10.     Defendant is subject to personal jurisdiction in Missouri because it conducts ongoing and substantial business in Missouri, is registered to do business in Missouri, and committed unlawful and tortious acts in Missouri, as alleged herein.

## ADMINISTRATIVE PREREQUISITES

11.     On January 29, 2021, Plaintiff timely filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR"). The Charge was assigned

2

numbers E-01/21-52667 and 28E-2021-00273C. A copy is attached hereto as **Exhibit A** and is incorporated herein by reference.

12. On August 16, 2021 the MCHR issued Plaintiff a Notice of Right to Sue, authorizing Plaintiff to file this lawsuit. A copy of the Notice of Right to Sue is attached hereto as **Exhibit B** and is incorporated herein by reference.

13. This action has been timely filed with this Court, and Plaintiff has met all conditions precedent to filing this action.

## FACTUAL ALLEGATIONS

14. Plaintiff is a 27 year-old, Black male.

15. He was employed with Defendant since July 2019 when Defendant acquired his prior employer, Travel Clean Express Car Wash.

16. Plaintiff was employed with Travel Clean from 2011 until July 2019, most recently as an Assistant Manager.

17. Plaintiff was employed with GO from July 2019 until his termination on or about November 11, 2020.

18. At the time of Plaintiff's termination, he was the General Manager of the GO Car Wash in Lee's Summit, located at 890 NE Mulberry Street in Lee's Summit, Missouri.

19. Plaintiff was a very good employee who consistently met or exceeded the expectations of his position.

20. Plaintiff routinely assumed extra duties and responsibilities when needed, including but not limited to working additional hours when Defendant was short-handed, and taking on promotional work for Defendant on his off days.

21. Plaintiff consistently earned bonuses in connection with good performance and meeting various goals.

3

22.     In approximately late July 2020, Plaintiff was placed on a 30-day Performance Review plan along with one of his direct reports, Richard ("Ricky") Ambrusko (White male).

23.     Heath Pomerantz (White male), the Vice-President of Field Operations, told Plaintiff that he was being placed on the Performance Review plan only because Mr. Ambrusko, Plaintiff's direct report, needed to be placed on a Performance Review Plan.

24.     Plaintiff's District Manager, Mitchell ("Mitch") Pappas (White male), evaluated his performance for the 30-day plan, and Plaintiff successfully completed the plan.

25.     Mr. Ambrusko had been given numerous warnings before he was placed on his 30-day Performance Review Plan.

26.     Mr. Ambrusko was often critiqued for his negative attitude and antagonistic demeanor toward colleagues and customers, which included verbal altercations.

27.     Plaintiff, in contrast, had not received any disciplinary warnings or actions prior to participating in the 30-day Performance Review Plan with Mr. Ambrusko.

28.     On November 11, 2020, District Manager Mitch Pappas called Plaintiff into the Manager's office.

29.     Mr. Pappas's boss, Kansas City Market Leader Kalven Medina, was present by phone for the meeting.

30.     Mr. Pappas read from an incident report which he stated was for Plaintiff's termination.

31.     Mr. Pappas referred to three incidents allegedly supporting Plaintiff's termination.

32.     However, Plaintiff was only directly involved with one of the incidents cited

4

at the time of its occurrence, and Plaintiff had not received prior discipline in connection with any of the cited incidents.

33.  The first cited incident occurred in approximately July 2020. Plaintiff was the Manager on Duty but was not directly involved in the incident at the time of its occurrence. Plaintiff was thereafter notified of the issue and worked to resolve the issue after the fact.

34.  The first cited incident involved a truck that entered the car wash with a piece of metal in its truck bed. The metal became wrapped up inside of a rear wrap (a piece of equipment that cleans the rear side of vehicles) which resulted in damage to two subsequent vehicles in the car wash.

35.  Two Customer Service Teammates, Jerald ("JA") Long (White male) and Dominic Hernandez (Hispanic male), were accountable for the incident and signed documentation acknowledging same.

36.  Plaintiff received no discipline concerning this incident before the date of his sudden termination.

37.  The second cited incident occurred on approximately October 2, 2020. An Assistant Manager, Collin Brich (White male) was on duty. Plaintiff was not scheduled to work that particular shift.

38.  Mr. Brich guided a vehicle into the car wash. The height of the vehicle was too tall for the entrance to the car wash tunnel, and the vehicle struck an entrance sign and broke a "foamer" (a piece of equipment that sprays soap/foam onto vehicles).

39.  When Plaintiff learned of the incident, he informed District Manager Mitch Pappas. Plaintiff also informed the maintenance team, and the sign was patched and the foamer was replaced.

5

40. Plaintiff does not believe Mr. Brich received any discipline for the incident.

41. Mr. Pappas was also Colin Brich's supervisor.

42. Plaintiff was not on the premises during this incident and Plaintiff received no discipline concerning this incident before the date of his sudden termination.

43. Mr. Brich remained employed and was thereafter promoted to General Manager.

44. The third incident cited occurred on approximately October 31, 2020, and Plaintiff was present for the incident.

45. Plaintiff guided a truck into the car wash. The truck had a ladder rack on top which struck and caused damage to an entrance sign and "foamer" – the same equipment previously damaged on October 2, 2020 when Mr. Brich was working.

46. Plaintiff immediately informed Mr. Pappas about the incident and he asked that Plaintiff contact maintenance, which Plaintiff had already done.

47. Maintenance completed the appropriate repairs and Plaintiff did not hear anything further about this incident until his sudden termination approximately two weeks later.

48. Following Plaintiff's termination, Defendant replaced him with a White male, Noah Sanderson.

49. Plaintiff believes the Defendant's purported reason(s) for his sudden termination was/were pretext for discrimination, and the true reason for his termination was unlawful discrimination on the basis of his African American race.

50. Plaintiff has observed that Defendant has treated White male employees more favorably than him.

6

51.     For example, Defendant offered Mr. Ambrusko multiple warnings and progressive discipline for his poor performance, negative attitude, and antagonistic demeanor, rather than immediate termination.

52.     Additionally, Plaintiff does not believe Defendant disciplined Mr. Brich for the October 2, 2020 incident.

53.     In contrast, Defendant suddenly terminated Plaintiff's employment on November 11, 2020, despite that Plaintiff was not issued prior disciplinary action in connection with any of the three incidents Defendant cited in connection with his termination.

54.     Following Plaintiff's termination, Defendant's representatives failed to respond to Plaintiff's requests for information.

55.     For example, on November 13, 2020, under the advice of Kalven Medina, Plaintiff contacted Human Resources via email to request a copy of his employee file, additional information concerning the purported circumstances for his termination, and a letter of recommendation from his managers.

56.     Plaintiff received no response, and is aware that Defendant's Human Resources representative instructed Defendant's employees not to respond to him.

57.     Prior to Plaintiff's November 13, 2020 email to HR, Mitch Pappas and Kalven Medina told Plaintiff they had nothing bad to say about him, and would be happy to serve as references for Plaintiff as he seeks future employment opportunities.

58.     Defendant's negative treatment toward Plaintiff following his termination constitutes further race discrimination and further evidence of Defendant's racial animus toward Plaintiff.

59.     The true reason for Defendant's unfair, discriminatory treatment of Plaintiff

in the terms, conditions, and privileges of his employment is because of his race.

60.     Because of Defendant's illegal treatment of Plaintiff in the terms, conditions, compensation, and privileges of his employment, Plaintiff has suffered actual damages in the form of lost wages and benefits, pain and suffering, emotional distress, humiliation, upset, deprivation of civil rights, and in other respects, all in an amount that the jury deems fair and reasonable.

**COUNT I**
**Race Discrimination**
(Pursuant to the MHRA, § 213.055)

61.     Plaintiff incorporates by reference all other paragraphs in this Petition as though fully stated here.

62.     Defendant intentionally discriminated against Plaintiff on the basis of his African American race in the terms, conditions, compensation, and/or privileges of his employment.

63.     Defendant subjected Plaintiff to adverse treatment in the terms, conditions, compensation, and/or privileges of his employment, including but not limited to placing Plaintiff on an unwarranted 30-day Performance Review Plan, unfairly scrutinizing Plaintiff's job performance for conduct in which he was not involved, treating White employees more favorably under the same or similar circumstances, and terminating Plaintiff's employment for false alleged reasons.

64.     Plaintiff's race was a motivating factor in Defendant's decision to issue Plaintiff unwarranted discipline, unfairly scrutinize Plaintiff's performance, to treat White employees more favorably under the same or similar circumstances, to subject Plaintiff to adverse treatment in the terms, conditions, compensation, and/or privileges of his employment, and to terminate Plaintiff's employment.

8

Electronically Filed - Jackson - Independence - November 12, 2021 - 02:12 PM

65. Defendant failed to make good-faith efforts to enforce policies to prevent race discrimination against its employees, including Plaintiff.

66. As a direct and proximate result of Defendant's adverse treatment of Plaintiff in the terms, conditions, compensation, and privileges of his employment, including Defendant's termination of Plaintiff's employment, Plaintiff has suffered actual damages in the form of lost wages and benefits, pain and suffering, emotional distress, humiliation, upset, deprivation of civil rights, and in other respects, all in an amount that the jury deems fair and reasonable.

67. Defendant's discriminatory conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard of, and/or reckless indifference to the rights of Plaintiff, thus justifying an award of punitive damages, as allowed by applicable law, in an amount sufficient to punish Defendant and to deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of his Petition, for a finding that he has been subjected to unlawful conduct prohibited by Mo. Rev. Stat. § 213.055 *et seq.*, for an award of compensatory and punitive damages to the maximum extent allowed by law, for his costs expended, for reasonable attorneys' fees, and for any further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts and allegations in this Petition.

9

**RESPECTFULLY SUBMITTED,**

**HOLMAN SCHIAVONE, LLC**

By:     __/s/ *Kathleen E. Mannion*___
Anne Schiavone, MO Bar #49349
Kathleen E. Mannion, MO Bar #63992
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL:   (816) 283-8738
FAX:   (816) 283-8739
Email: aschiavone@hslawllc.com
Email:  kmannion@hslawllc.com

**ATTORNEYS FOR PLAINTIFF**

10

Electronically Filed - Jackson - Independence - November 12, 2021 - 02:12 PM

| **CHARGE OF DISCRIMINATION** | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA  ☒ EEOC | E-01/21-52667  28E-2021-002730 |

### Missouri Commission on Human Rights
and EEOC

| NAME *(Indicate Mr., Ms., Mrs.)* **Nathan Smith** | HOME TELEPHONE *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME **GO Car Wash Management, Corp.** | NUMBER OF EMPLOYEES, MEMBERS **15+** | TELEPHONE *(Include Area Code)* **(816) 347-1253** |
|---|---|---|

| STREET ADDRESS **890 NE Mulberry St.** | CITY, STATE AND ZIP CODE **Lee's Summit, MO 64086** | COUNTY **Jackson** |
|---|---|---|

**Registered agent: 9666 Olive Blvd., Suite 960, St. Louis, Missouri 63132**

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE  ☐ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ Other | EARLIEST (ADEA/EPA)  LATEST (ALL) **Approx. July 2020 – November 2020**  ☒ CONTINUING ACTION |

**PARTICULARS:** I am a 26 year-old, Black male. I was employed with Respondent since July 2019 when Respondent took over ownership of my prior employer, Travel Clean. I had been employed with Travel Clean from 2011 until July 2019, and was employed with GO from July 2019 until my termination on or about November 11, 2020. At the time of my termination, I was the General Manager of the GO Car Wash in Lee's Summit, located at 890 NE Mulberry Street in Lee's Summit, Missouri.

I was a very good employee who consistently met or exceeded the expectations of my position, and received no disciplinary action throughout my tenure with Respondent, until my sudden wrongful termination. I have consistently earned bonuses in connection with good performance and meeting various goals.

In approximately late summer 2020, perhaps beginning in late July 2020, I was placed on a 30-day Performance Review plan along with one of my employees, Richard ("Ricky") Ambrusko (White male). Heath Pomerantz (White male), the Vice-President of Field Operations, told me that I was being placed on the Performance Review plan only because Mr. Ambrusko needed to be placed on a Performance Plan. My District Manager, Mitchell ("Mitch") Pappas (White male), evaluated my performance for the 30-day plan, which I passed without issue. Mr. Ambrusko had been given numerous warnings before he was placed on his 30-day review. Mr. Ambrusko was often criticized for his poor attitude and negative demeanor (including verbal altercations) with colleagues and customers. I, in contrast, had not received any disciplinary warnings or actions prior to being placed on the 30-day Performance Review.

**FILED**

JAN 2 9 2021

On November 11, 2020, District Manager Mitch Pappas called me in to his office. His boss, Kansas City Market Leader Kalven Medina, was present by phone. Mr. Pappas read from an incident report which he stated was for my termination. Mr. Pappas referred to three incidents allegedly supporting my termination. However, I was only present for one of the incidents cited.

The first cited incident occurred in approximately July 2020. I was the Manager on Duty but I was not involved in the incident until being notified of the issue and assisting to resolve the issue after the fact. A truck which had a piece of metal in the back entered the car wash. The metal became wrapped up inside of a rear wrap (a piece of equipment that cleans the backs of vehicles) which resulted in damage to two subsequent vehicles in the car wash. Two Customer Service Teammates, Jerald Long (White male) and Dominic Hernandez (Hispanic male), were accountable for the incident and signed a form confirming same. I received no discipline concerning this incident before the date of my sudden termination.

The second cited incident occurred on approximately October 2, 2020. An Assistant Manager, Collin Brich (White male) was on duty. I was not scheduled to work this particular shift. Mr. Brich guided a vehicle in to the car wash. The vehicle was too tall and struck an entrance sign and broke a foamer (that sprays soap onto the vehicle). When I learned of the incident, I informed District Manager Mitch Pappas. I also informed the maintenance team, and the sign was patched and repaired and the foamer was replaced. I do not believe Mr. Brich received any discipline for the incident. Mr. Pappas was also Colin Brich's supervisor. I was not on the premises during this incident and I received no discipline concerning this incident before the date of my sudden termination. Mr. Brich remains employed and has since been promoted to General Manager.

The third incident occurred on approximately October 31, 2020 in which I was present. I guided a truck in to the car wash. The truck had a ladder rack on top which struck and caused damage to an entrance sign and foamer (an overhead foaming applicator) – the same equipment previously damaged on October 2, 2020 when Mr. Brich was working. I immediately informed Mr. Pappas about the incident and he asked that I contact maintenance, which I had already done. Maintenance made repairs and I did not hear anything further about this incident until my sudden termination approximately two weeks later.

Following my termination, Respondents replaced me with a White male, Noah Sanderson. I believe the Respondent's purported reason(s) for my sudden termination was/were pretext for discrimination, and the true reason for my termination was unlawful discrimination on the basis of my African American race. Based on the foregoing, I have observed that Respondent has treated White male employees more favorably than me. For example, Respondent offered Mr. Ambrusko multiple warnings and progressive discipline for his poor performance. Additionally, I do not believe Respondent disciplined Mr. Brich for the October 2, 2020 incident. In contrast, Respondent suddenly terminated my employment following the October 31, 2020 incident despite that I had no record of performance issues and had not been issued any prior warnings or discipline.

Following my termination, Respondent's representatives failed to respond to my requests for information. I believe Respondent has instructed its representatives not to communicate with me. For example, on November 13, 2020, I contacted Human Resources via email to request a copy of my employee file, additional information concerning the circumstances for my termination, and a letter of recommendation from my managers. I received no response, and I am aware that HR instructed its employees not to respond to me.

As a result of Respondent's discriminatory treatment, I have suffered lost wages and emotional distress, and I seek all remedies available to me. This is only a summary of facts in support of my Charge, and I will cooperate fully with the Commission in its investigation of my Charge and provide additional details and information as necessary and appropriate.

FILED

JAN 29 2021

MO Commission on Human Rights
Jefferson City Office

Electronically Filed - Jackson - Independence - November 12, 2021 - 02:12 PM

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| 01/29/2021<br>Date          Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year) |

FILED

JAN 2 9 2021

MO Commission on Human Rights
Jefferson City Office



**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
**MISSOURI COMMISSION ON HUMAN RIGHTS**
# EXHIBIT B

| **MICHAEL L. PARSON**<br>GOVERNOR | **ANNA S. HUI**<br>DEPARTMENT DIRECTOR | **DEREK M. HOLLAND**<br>COMMISSION CHAIR | **ALISA WARREN, PH.D.**<br>EXECUTIVE DIRECTOR |

Electronically Filed - Jackson - Independence - November 12, 2021 - 02:12 PM

Nathan Smith



*Via Complainant Attorney Email*

## NOTICE OF RIGHT TO SUE

RE:    Nathan Smith vs. GO CAR WASH MANAGEMENT CORP.
       E-01/21-52667  28E-2021-00273C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.  This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.                              August 16, 2021
Executive Director                               Date

C:     additional contacts listed on next page

| ☒ | ☐ | ☐ | ☐ |
| JEFFERSON CITY OFFICE<br>421 E. DUNKLIN STREET<br>P.O.BOX 1129<br>JEFFERSON CITY, MO 65102-1129<br>PHONE: 573-751-3325<br>FAX: 573-751-2905 | ST. LOUIS OFFICE<br>111 N. 7TH STREET, SUITE 903<br>ST. LOUIS, MO 63101-2100<br>PHONE: 314-340-7590<br>FAX: 314-340-7238 | KANSAS CITY OFFICE<br>P.O. BOX 1129<br>JEFFERSON CITY, 65102-1129<br>FAX: 816-889-3582 | SIKESTON OFFICE<br>106 ARTHUR STREET, SUITE D<br>SIKESTON, MO 63801-5454<br>FAX: 573-472-5321 |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

RE:    Nathan Smith vs. GO CAR WASH MANAGEMENT CORP.
E-01/21-52667  28E-2021-00273C

GO CAR WASH MANAGEMENT CORP.
Human Resources Director
890 N.W. Mulberry Street
Lee's Summit, MO 64086

Kathleen E. Mannion
HOLMAN SCHIAVONE
4600 Madison Avenue, Suite 810
Kansas City, MO 64112
*Via Email*

Electronically Filed - Jackson - Independence - November 12, 2021 - 02:12 PM

### IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
### ☐ AT KANSAS CITY   ☒ AT INDEPENDENCE

NATHAN SMITH
PETITIONER/PLAINTIFF,

VS.                                          CASE NO._____

GO CAR WASH  MANAGEMENT, CORP.
RESPONDENT/DEFENDANT.

### MOTION FOR APPROVAL AND APPOINTMENT
### OF PRIVATE PROCESS SERVER

COMES NOW Requestor in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Requestor requests that the following individual be approved and appointed to serve process in this case:

Legal Name   Robert Pedroli

Registration No. (if applicable)  PPS21-0566

The Requestor states that:

☐ The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

☒ The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

☐ The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_/s/ Kathleen E. Mannion_               Kathleen E. Mannion
Signature of Requesting Party          Printed Name of Requesting Party

### ORDER

It is hereby ordered that Requestor's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

_____               _____
DATE                                   JUDGE

Revised Oct 2016

Electronically Filed - Jackson - Independence - November 12, 2021 - 02:15 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | | |
|---|---|---|
| NATHAN SMITH, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No.:** |
| | ) | **Division:** |
| GO CAR WASH MANAGEMENT, | ) | |
| CORP. | ) | |
| *Serve Registered Agent*: | ) | **JURY TRIAL DEMANDED** |
| 9666 Olive Boulevard, Suite 960, | ) | |
| St. Louis, Missouri 63132 | ) | |
| | ) | |
| **Defendant.** | ) | |

**ENTRY OF APPEARANCE**

COMES NOW, Anne Schiavone, of HOLMAN SCHIAVONE, LLC, and hereby enters

her appearance on behalf of plaintiff Corey Fraser in the above-captioned matter.

RESPECTFULLY SUBMITTED,

HOLMAN SCHIAVONE, LLC

By:      /s/  *Kathleen E. Mannion*
Anne Schiavone, MO Bar #49349
Kathleen E. Mannion, MO Bar #63992
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL:  (816) 283-8738
FAX:  (816) 283-8739
Email: aschiavone@hslawllc.com
Email:  kmannion@hslawllc.com

**ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Jackson - Independence - November 12, 2021 - 02:12 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | | |
|---|---|---|
| **NATHAN SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.:** |
| | ) | **Division:** |
| **GO CAR WASH MANAGEMENT,** | ) | |
| **CORP.** | ) | |
| *Serve Registered Agent*: | ) | **JURY TRIAL DEMANDED** |
| 9666 Olive Boulevard, Suite 960, | ) | |
| St. Louis, Missouri 63132 | ) | |
| | ) | |
| **Defendant.** | ) | |

## REQUEST FOR SUMMONS

COMES NOW Plaintiff Nathan Smith, respectfully requests the Court issue a Summons for defendant Go Car Wash Management, Corp.

RESPECTFULLY SUBMITTED,

HOLMAN SCHIAVONE, LLC

By:     /s/  *Kathleen E. Mannion*
Anne Schiavone, MO Bar #49349
Kathleen E. Mannion, MO Bar #63992
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL:   (816) 283-8738
FAX:   (816) 283-8739
Email: aschiavone@hslawllc.com
Email:  kmannion@hslawllc.com

ATTORNEYS FOR PLAINTIFF

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

NATHAN SMITH,              )
                                       )

              **Plaintiff,**      )

**v.**                                  )     **Case No.: 2116-CV24816**
                                      )     **Division: 17**

**GO CAR WASH MANAGEMENT,**   )
**CORP.**                       )
                                       )

              **Defendant.**     )

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT GO CAR WASH MANAGEMENT, CORP.

      Plaintiff, Nathan Smith, by and through his counsel, and pursuant to the Missouri Rules of Civil Procedure, propounds the following First Interrogatories to Defendant, to be answered within thirty days of service hereof, or at such time as counsel may agree.

### INSTRUCTIONS AND DEFINITIONS

      (1)    If you cannot respond to any part of the following interrogatories in full, respond to the extent possible, specifying the reason or reasons for your inability to respond to the remainder of the interrogatories. State whatever information, knowledge, belief, or approximate estimate you have concerning the unanswered portion. If documents or records cannot be located, describe with particularity the efforts made to locate the documents or records and the specific reasons for their disappearance or unavailability. If records or documents exist that are not available to you, state where the documents are located, including the name, title, and address of their present custodian to the best of your knowledge.

      (2)    "You" or "your" means the person separately answering the following interrogatories and requests for production, and his or her agents and all other persons acting on his or her behalf.

1

(3)    Please attach a copy of any documents referred to in answer to these interrogatories. The term "document" includes writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained, or translated, if necessary, by you through detection devices into reasonably usable form.

(4)    The term "personnel record" means all documents kept by you that refer to a particular employee, including but not limited to all personnel records, medical records and discipline records, and all other documents kept by you that are used or have been used, or may affect or be used relative to a particular employee's qualifications for employment, promotion, transfer, additional compensation or disciplinary action, as well as internal and confidential documents referring to such employee.

(5)    "Identify" means when used in reference to:

    a.    A *document,* to state separately:

        (1)    Its description (e.g. letter, report, memorandum, etc.);
        (2)    Its date;
        (3)    Its subject matter;
        (4)    The identity of each author or signer; and
        (5)    Its present location and the identity of its custodian.

    b.    An *oral* statement, communication, conference or conversation, to state separately:

        (1)    Its date and the place where it occurred;
        (2)    Its substance;
        (3)    The identity of each person participating in the communication or conversation; and
        (4)    The identity of all notes, memoranda, or other documents memorializing, referring to or relating to the subject matter of the statement.

    c.    A *natural person or persons,* to state separately:

        (1)    The full name of each such person;
        (2)    His or her present, or last known business address and his or her

2

present or last known residential address; and

(3)     The employer of the person at the time to which the interrogatory answer is directed and the person's title or position at that time.

d.     *An organization or entity* other than a natural person (e.g., a company, corporation, firm, association, or partnership), to state separately:

(1)     The full name and type of organization or entity;
(2)     The date and state of organization or incorporation;
(3)     The address of each of its principal places of business; and
(4)     The nature of the business conducted.

(6)     Unless otherwise indicated, interrogatories relate to employees of the corporate Defendant(s).

(7)     Unless otherwise indicated, the term "Defendant Advantage Metals" refers to GO Car Wash Management, Corp., their subsidiaries, divisions, parent companies, and holding companies and the directors, officers, employees, agents, representatives, and others known to you to have acted on their respective behalf.

## **INTERROGATORIES**

1. Please identify (by name and race) each person(s) who had managerial and/or supervisory control over Plaintiff during his employment, including each person's position title and dates of supervision over Plaintiff.

**ANSWER:**

2. Please identify each occasion on which Defendant contends Plaintiff engaged in any conduct which allegedly violated any of Defendant's policies, by stating the conduct, the date, and the policy allegedly violated.

**ANSWER:**

3. For each violation of policy identified in response to Interrogatory #2, please state if

3

Plaintiff received any form(s) of discipline (i.e., verbal counseling, written discipline, etc.) and please identify the form of discipline received, date issued, and individual issuing the discipline.

**ANSWER:**

4.   For each violation of policy identified in response to Interrogatory #2, please identify (by name, address, phone number, and race) each of Defendant's employees, from January 1, 2017 to present, and at Defendant's locations in the Kansas City Metropolitan area, who have been counseled, disciplined or terminated for the same violation of policy, including the form of discipline received, date issued, and individual issuing the discipline.

**ANSWER:**

5.   Please state with specificity the reason(s) for which Defendant contends it terminated Plaintiff's employment.

**ANSWER:**

6.   Please identify the person(s) who made the decision to terminate Plaintiff's employment.

**ANSWER:**

7.   Please identify each individual who was consulted, who participated in, and/or who was otherwise involved in the decision to terminate Plaintiff's employment, and specifically describe the role of each such individual in the decision-making process.

**ANSWER:**

8.   Please identify the date on which Defendant decided to terminate Plaintiff's employment.

**ANSWER:**

9.   Please identify all persons, including their addresses, telephone numbers, and job titles (if currently or formerly an employee of Defendant), who possess knowledge relevant to Plaintiff's claims and/or Defendant's defenses, and describe the substance of each person's knowledge.

4

**ANSWER:**

10. Please identify (by name and race) the person(s) hired to replace Plaintiff following his termination, and/or any person(s) who absorbed Plaintiff's job duties in his absence. For each such individual, please state the dates during which he/she assumed Plaintiff's job duties, and the job duties he/she assumed in Plaintiff's absence.

**ANSWER:**

11. Identify (by name, address, phone number, and race) each of Defendant's members of management within the Kansas City Metropolitan area, whom Defendant has disciplined (including but not limited to verbal counseling, written counseling, demotion, and termination), from January 1, 2017 to present, and describe the conduct and/or policy violation for which the individual was disciplined, the individual(s) issuing the discipline (by name and race), the type of discipline issued, and the date of the discipline.

**ANSWER:**

12. Please explain with specificity what measures, if any, Defendant has taken to prevent and/or address race discrimination at the location where Plaintiff worked, from January 1, 2019 to present, including but not limited to identifying any applicable policies, how Defendant enforces any policies, and the procedures for complaints regarding race and age discrimination. For example, if your response is that you held or sent employees to training classes, please state: the date(s) of such classes; who attended each such class, by name, work group, or other applicable description; the name of the instructor(s); and whether written materials were used.

**ANSWER:**

13. Please identify and describe each and every complaint, allegation, or claim (whether formal or informal) of race discrimination made against Defendant, from January 1, 2017 to present and

5

involving Defendant's locations in the Kansas City Metropolitan area, and for each matter identified, describe the basis of the allegation, the persons allegedly involved, the relevant dates and general resolution; and if applicable, identify any administrative charge or court proceeding filed in connection with the matter by case caption and number.

**ANSWER:**

14. Please identify each retained and non-retained expert witness you intend to call to trial to provide expert testimony, including each individual's qualifications, the general substance of the anticipated testimony, address and telephone number, and hourly rate.

**ANSWER:**

*Respectfully Submitted,*

**Holman Schiavone, LLC**

By: /s/ *Kathleen E. Mannion*
Anne Schiavone, MO Bar #49349
Kathleen E. Mannion, MO Bar #63992
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL:   (816) 283-8738
FAX:   (816) 283-8739
Email:  aschiavone@hslawllc.com
Email:  kmannion@hslawllc.com
**ATTORNEYS FOR PLAINTIFF**

6

## **VERIFICATION OF AUTHORIZED REPRESENTATIVE**

STATE OF _____ )
                                              ) SS:
COUNTY OF _____ )

     I, _____, being first duly sworn, state that my Answers to Plaintiff's First Set of Interrogatories and Requests for the Production of Documents Directed to Defendant are true and accurate to the best of my knowledge and belief.

                                          _____
                                          Authorized Representative of Defendant

                                          _____
                                          Printed Name

                                          _____
                                          Position Title

     Sworn to before me and subscribed in my presence this ___ day of _____, 20__.

My Commission Expires:

_____                  _____
                                                Notary Public

7

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was directed to be served to Defendant together with service of the Summons and Petition in this matter.

/s/ Kathleen E. Mannion
**Attorney for Plaintiff**

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | | |
|---|---|---|
| **NATHAN SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: 2116-CV24816** |
| | ) | **Division: 17** |
| **GO CAR WASH MANAGEMENT,** | ) | |
| **CORP.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT GO CAR WASH MANAGEMENT CORP.

Plaintiff, Nathan Smith, by and through his undersigned counsel, and pursuant to the Missouri Rules of Civil Procedure, hereby requests that Defendant produce for inspection and copying the following documents:

### DEFINITIONS

In producing the required documents, please furnish all documents under possession, custody or control of Defendant and any and all persons acting on Defendant's behalf.

The document requests which follow are to be considered as continuing, and you are requested to provide, by way of supplementary responses thereto, such additional documents as may subsequently come under the possession, custody or control of Plaintiff or any person acting on Plaintiff's behalf which are responsive to any of the requests for production contained herein.

1.    "Documents, writings or things" means all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitation, correspondence, memoranda, notes (handwritten or otherwise), notebooks, messages, affidavits, statements, diaries,

1

statistics, files, reports, advertisements, announcements, schedules, worksheets, questionnaires, surveys, computations, letters, telegrams, drawings, minutes, contracts, reports, studies, checks, receipts, returns summaries, indices, calendars, pamphlets, books, forms, records, communications (including, but not limited to, interoffice and intraoffice communications), e-mails, text messages, social media messages, notations of any sort of conversation, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices; graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiches, microfilm, videotapes, recordings, motion or still pictures or photographs); and any electronic, mechanical, computer, or records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, transcription of records and computer memories), however produced or reproduced.

     2.     If your response is that the documents, writings or things are not in your possession or custody, describe in detail the unsuccessful efforts you made to locate the records.

     3.     If your response is that any documents, writings or things are not in your possession or custody, describe each individual who has control and the location of the records.

     4.     If a request for production seeks a document, writing or thing which is not in your possession, custody or control, provide any documents, writings or things you have that contain all or part of the information contained in the requested document, writing or thing.

     5.     Identify the source of each document, writing or thing you produce.

     6.     If any document or parts of documents called for by this demand are withheld under a claim of privilege, a list of withheld documents is to be furnished simultaneously with written objections identifying each document so withheld, together with the following:

               a.     a statement constituting the basis for any claim of privilege, work product or other ground of non-disclosure; and

2

b.     a brief description of the document, including:

    i.    the date of the document;
    ii.   the number of pages, attachments, and appendices;
    iii.  the names of its author, authors or preparers and the employment and title of each such person;
    iv.  the names of each person to whom the document, or a copy thereof, was sent, shown or made accessible, or to whom it was explained, together with an identification of each such person;
    v.   the present custodian of the document requested to be produced; and
    vi.  the subject matter of the document, and in the case of any document relating in any way to a meeting or conversation, identification of the participants in such meeting or conversation.

7.    "Relating to" and "related to" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

8.    The terms "Plaintiff" and "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates, agents, accountants, and attorneys. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

9.    The term "person" is defined as any natural person or any business, legal or governmental entity or association.

10.    If any documents requested herein have been lost, discarded, destroyed or otherwise disposed of, identify as completely as possible, the documents so lost, discarded or destroyed, and indicate the date of disposal, manner of disposal, reason for disposal, the person authorizing the disposal and person disposing of the document.

3

11.     Defendant's response should identify which documents are responsive to which specific request(s), for example, by referring to the Bates Stamp Number of each responsive document in the space provided for each request.

### REQUESTS

1.     The documents relied upon in answering Plaintiff's First Interrogatories to Defendant.

**RESPONSE:**

2.     The complete personnel file of Plaintiff, including but not limited to all evaluations of his work performance while in the employ of Defendant.

**RESPONSE:**

3.     All documents of any kind or character, including all records, notes, memoranda, notes of oral communication, or any other written matter, which relate to Plaintiff but are not included in Plaintiff's personnel file. *(This request would include, for examples, notes or files Plaintiff's managers kept concerning Plaintiff, separate and apart from Plaintiff's official personnel file.)*

**RESPONSE:**

4.     The documents, e-mails, correspondence, and notes concerning or related to the 30-day Training & Development Plan issued to Plaintiff in approximately late summer 2020.

**RESPONSE:**

5.     The complete personnel file of Heath Pomerantz, including but not limited to all evaluations of his work performance while in the employ of Defendant.

**RESPONSE:**

4

6. The complete personnel file of Mitchell Pappas, including but not limited to all evaluations of his work performance while in the employ of Defendant.

**RESPONSE:**

7. The complete personnel file of Kalven Medina, including but not limited to all evaluations of his work performance while in the employ of Defendant.

**RESPONSE:**

8. The complete personnel file of Collin Brich, including but not limited to all evaluations of his work performance while in the employ of Defendant.

**RESPONSE:**

9. The complete personnel file of Noah Sanderson, including but not limited to all evaluations of his work performance while in the employ of Defendant.

**RESPONSE:**

10. The performance evaluations and discipline issued to Richard ("Ricky") Ambrusko from January 1, 2019 to present.

**RESPONSE:**

11. The policies, manuals, handbooks, and documents provided to Plaintiff during his employment concerning the following topics:

      a. Reporting of vehicular accidents and incidents;
      b. Procedures to be followed after a vehicular accident/incident has occurred;
      c. Car loading procedures;
      d. Wash tunnel safety procedures; and
      e. Procedures related to vehicular accident/incident prevention.

**RESPONSE:**

5

12.     The emails, documents, and notes related to the reporting of the July 2020 incident Defendant cited in connection with Plaintiff's termination, including but not limited to any incident report(s) and witness statement(s) submitted.

**RESPONSE:**

13.     The video surveillance footage depicting the July 2020 incident Defendant cited in connection with Plaintiff's termination.

**RESPONSE:**

14.     The documents, emails, and notes concerning or related to any discipline issued in connection with the July 2020 incident Defendant cited in connection with Plaintiff's termination.

**RESPONSE:**

15.     The documents, emails, notes, maintenance logs, and invoices and receipts associated with any repairs made, damages incurred, or costs paid in connection with the July 2020 incident Defendant cited in connection with Plaintiff's termination.

**RESPONSE:**

16.     The emails, documents, and notes related to the reporting of the second incident Defendant cited in connection with Plaintiff's termination, including but not limited to any incident report(s) and witness statement(s) submitted.

**RESPONSE:**

17.     The video surveillance footage depicting the second incident Defendant cited in connection with Plaintiff's termination.

**RESPONSE:**

18.     The documents, emails, and notes concerning or related to any discipline issued in connection with the second incident Defendant cited in connection with Plaintiff's termination.

6

**RESPONSE:**

19.     The documents, emails, notes, maintenance logs, and invoices and receipts associated with any repairs made, damages incurred, or costs paid in connection with the second incident Defendant cited in connection with Plaintiff's termination.

**RESPONSE:**

20.     The emails, documents, and notes related to the reporting of the October 31, 2020 incident Defendant cited in connection with Plaintiff's termination, including but not limited to any incident report(s) and witness statement(s) submitted.

**RESPONSE:**

21.     The video surveillance footage depicting the October 31, 2020 incident Defendant cited in connection with Plaintiff's termination.

**RESPONSE:**

22.     The documents, emails, and notes concerning or related to any discipline issued in connection with the October 31, 2020 incident Defendant cited in connection with Plaintiff's termination.

**RESPONSE:**

23.     The documents, emails, notes, maintenance logs, and invoices and receipts associated with any repairs made, damages incurred, or costs paid in connection with the October 31, 2020 incident Defendant cited in connection with Plaintiff's termination.

**RESPONSE:**

24.     Copies of the policies Defendant contends Plaintiff violated during his employment, as they existed at the time of the alleged violation.

**RESPONSE:**

7

25.     The documents reflecting Plaintiff's hours scheduled and worked in 2020.

**RESPONSE:**

26.     The documents reflecting Plaintiff's compensation during his employment with Defendant, including salary, commissions, bonuses, and any other compensation Plaintiff earned.

**RESPONSE:**

27.     The documents reflecting Plaintiff's benefits received, and/or benefits for which Plaintiff was eligible, during his employment with Defendant.

**RESPONSE:**

28.     Any and all notes taken or made during or near the time of, and concerning, any meetings or conversations between Plaintiff and his supervisor(s), and/or any manager or Human Resources representative(s) for Defendant during his employment.

**RESPONSE:**

29.     A copy of the insurance policies which may indemnify Defendant and/or its employees, representatives, or agents in this lawsuit.

**RESPONSE:**

30.     The personnel handbook(s) or manual(s) which explain the personnel policies, procedures and benefits in effect during Plaintiff's employment, from 2019 through the end of Plaintiff's employment.

**RESPONSE:**

31.     The handbook(s), manual(s), and policies specifically applicable to managerial employees, including Plaintiff, during his employment and at Defendant's Lee's Summit location.

**RESPONSE:**

8

32.     Defendant's policies and documents provided to managers and employees during Plaintiff's employment concerning the following topics:

    a) Anti-discrimination;
    b) Discipline of employees and managers;
    c) 30-day Training & Development Plans; and
    d) Any policies Defendant claims Plaintiff allegedly violated.

**RESPONSE:**

33.     The General Manager job description applicable to Plaintiff during his employment.

**RESPONSE:**

34.     The documents, correspondence, and notes reflecting the discipline issued to the individuals identified in response to Interrogatory No. 3.

**RESPONSE:**

35.     The documents, correspondence, and notes reflecting the discipline issued to the individuals identified in response to Interrogatory No. 10.

**RESPONSE:**

36.     The documents, emails, notes, and other correspondence, from the start of Plaintiff's employment with Defendant in 2019 to present, concerning or related to:

    a.  Plaintiff's selection as General Manager;
    b.  Awards, praise, and recognition issued to Plaintiff;
    c.  Plaintiff's work performance;
    d.  Performance bonuses Plaintiff earned;
    e.  Any complaints Defendant allegedly received concerning Plaintiff;
    f.  Any alleged violation(s) of Defendant's policies by Plaintiff;
    g.  Plaintiff's placement on a 30-day Training & Development Plan;
    h.  Performance goals assigned to Plaintiff, and Plaintiff's assessment and achievement of such goals;
    i.  Counseling or coaching given to Plaintiff during his employment;
    j.  The July 2020 incident cited in connection with Plaintiff's termination;
    k.  The second incident cited in connection with Plaintiff's termination;
    l.  The October 31, 2020 incident cited in connection with Plaintiff's termination;
    m.  Discipline issued to Plaintiff, including termination; and

9

n. The decision to terminate Plaintiff's employment.

**RESPONSE:**

37. The documents, emails, and notes concerning or related to any formal or informal allegations or complaints of discrimination, or allegations of unfair or less favorable treatment based on race, that Defendant has received regarding Mitch Pappas, Kalven Medina, and/or Heath Pomerantz.

**RESPONSE:**

38. The correspondence, notes, and documents Defendant contends it relied on in its decision to terminate Plaintiff's employment.

**RESPONSE:**

39. The documents, employee lists, or employee rosters reflecting the individuals employed at Defendant's location where Plaintiff worked from January 1, 2019 through the time of Plaintiff's termination.

**RESPONSE:**

40. The documents reflecting the anti-discrimination training Heath Pomerantz, Mitch Pappas, and Kalven Medina received from January 1, 2017 to the present, including the training materials used.

**RESPONSE:**

41. Copies of any and all statements Defendant has taken, from any individual or party to this action, concerning Plaintiff's termination, Plaintiff's job performance, and/or otherwise related to Plaintiff's claims or Defendant's defenses in the lawsuit.

**RESPONSE:**

42.     The documents or logs reflecting the vehicular incidents attributable to Company employees ooccurring at Defendant's Lee's Summit location from 2019 to the present, and the damages Defendant has paid in connection with each such incident.

**RESPONSE:**

43.     The documents or logs that reflect the maintenance work requested and performed, related to vehicular incidents attributable to employees at Defendant's Lee's Summit location, from 2019 to present.

**RESPONSE:**

44.     Copies of Defendant's tax returns for the years 2019 to the present.

**RESPONSE:**

45.     Please produce for inspection and copying any documents reviewed, provided to and/or relied upon by any expert witness you intend to call to trial in this case.

**RESPONSE:**

46.     Please produce for inspection and copying any documents and/or reports prepared by any expert witness you intend to call to trial in this case.

**RESPONSE:**

47.     A copy of the *curriculum vitae* of any and all expert witnesses retained to render an expert opinion on behalf of Defendant in this case.

**RESPONSE:**

48.     A copy of all documents reflecting the hourly rates, qualifications, and publications of any and all expert witnesses retained to render an expert opinion on behalf of Defendant in this case.

**RESPONSE:**

11

*Respectfully Submitted,*

**Holman Schiavone, LLC**

By: /s/ *Kathleen E. Mannion*
Anne Schiavone, MO Bar #49349
Kathleen E. Mannion, MO Bar #63992
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL: (816) 283-8738
FAX: (816) 283-8739
Email: aschiavone@hslawllc.com
Email: kmannion@hslawllc.com
**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was directed to be served to Defendant together with service of the Summons and Petition in this matter.

/s/ *Kathleen E. Mannion*
**Attorney for Plaintiff**

12